UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
J. TROY MAZZION,                    )
                                    )
            Plaintiff,              )
                                    )
-v-                                 )  Civil Action No. 06-719 HHK
                                    )
JO ANNE B. BARNHART,                )
 Commissioner,                      )
 Social Security Administration,    )
                                    )
            Defendant.              )
_____)
```

## MOTION TO DISMISS

Pursuant to Rules 7(b) and 12(b)(1), Fed. R. Civ. P., defendant, Jo Anne B. Barnhart, Commissioner, Social Security Administration, moves that the complaint be dismissed for lack of subject matter jurisdiction, in that plaintiff failed to exhaust his administrative remedies.

Under Igonia v. Califano, 568 F.2d 1383, 1389 (D.C. Cir. 1977), this case is appropriately resolved by a motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), or an order pursuant to a motion under Fed. R. Civ. P. 7(b)(1).  The summary judgment process is inappropriate.  Because plaintiff did not exhaust his administrative remedies, defendant is submitting, in lieu of the administrative record, a declaration from an appropriate agency official that explains what the agency computer records reveal as to plaintiff's application for benefits.

A draft order reflecting the requested relief is also

attached hereto.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney
            /s/
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., E-4110
Washington, D.C.  20530
202. 514.7201

3

```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

J. TROY MAZZION,                   )
                                   )
          Plaintiff,               )
                                   )
-v-                                )   Civil Action No. 06-719 HHK
                                   )
JO ANNE B. BARNHART,               )
 Commissioner,                     )
 Social Security Administration,   )
                                   )
          Defendant.               )
_____)
```

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS THE COMPLAINT

Plaintiff file this case on April 21, 2006, seeking payment of disability benefits that had been withheld by the Social Security Administration for several months. From the complaint, it is not entirely clear why these benefits were withheld; however, attached hereto as Exhibit A is a declaration from an official of the Social Security Administration that explains that beginning in September 2005 plaintiff's disability benefits were suspended because plaintiff was in jail. The declaration further explains that plaintiff's benefits were reinstated on June 19, 2006, with an effective date of March 2006. As also shown by the declaration, there is no record of plaintiff having pursued his administrative remedies regarding the withholding of his disability benefits. Consequently, plaintiff has not received a "final decision" of the Commissioner of the Social Security Administration ("Commissioner") as required to obtain judicial review under 42 U.S.C. § 405(g). Accordingly, the Court should

dismiss the complaint for lack of subject matter jurisdiction.

Title 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. In order to obtain review under § 405(g), the statute provides that a claimant must first exhaust his or her administrative remedies. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g). It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475(1994). Further, "the 'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."' Id.(quoting United

States v. Sherwood, 312 U.S. 584, 586 (1941)). Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331 (1919). Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act.

Title 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." As the Supreme Court has stated, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108-09 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi,, 422 U.S. 749, 766 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a); See Sanders, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). If the claimant does not pursue his administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

Under the Social Security Administration's regulations, an

individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ'S hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the appeals council's action. Id.; see also 20 C.F.R. § 422.210.

Ordinarily, a claimant must exercise his administrative appeal rights and seek judicial review within the specified time frame. 20 C.F.R. §§ 404.900(a). Upon a showing a good cause, however, the Commissioner will extend the time for seeking review. See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982. Thus, a claimant obtains a judicially reviewable final decision only if he completes the administrative

appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review. 20 C.F.R. §§ 404.981, 422.210. Here, Exhibit A, the declaration of Rose Ray, shows that there is no indication that a hearing decision was ever issued in plaintiff's claim for suspended disability payments nor is there any indication that plaintiff ever sought review by the Appeals Council of any hearing decision.  Because plaintiff did not exhaust his administrative appeal remedies in his claim for withheld benefits, he did not obtain a judicially reviewable "final decision" and his request for court review should be dismissed.

   The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992).  As the Court has observed, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id. at 145.  The exhaustion doctrine is grounded in Congress' delegation of authority to coordinate branches of government and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." Id.  The exhaustion requirement also reflects the "commonsense notion" that "an agency ought to have

5

an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." Id.  Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; and if it does not moot the case entirely, it at least avoids piecemeal appeals and may produce a useful record for subsequent judicial consideration. Id.

The Supreme Court has recognized that cases governed by 42 U.S.C. § 405(g) involve more than a judicially developed doctrine of exhaustion.  See Weinberger v. Salfi, 422 U.S. 749, 766(1975). As discussed, § 405(g) expressly allows judicial review only of a "final decision," and Congress has left it to the Commissioner to flesh out the meaning of that term.  "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." Id.  Because Congress has authorized judicial review only of a "final decision," as defined by the Commissioner, and plaintiff has not exhausted his administrative appeals remedies as required to obtain such a "final decision," plaintiff's complaint should be dismissed.  See Heckler v. Ringer, 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust).

The Supreme Court has held that courts may excuse a claimant from exhausting his administrative remedies "in certain special

6

cases," such as where the plaintiff raises a challenge wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits.  <u>Heckler v. Ringer</u>, 466 U.S. 602, 618 (1984).  (Courts may not, however, excuse a plaintiff's failure to "present" his claim to the agency, since that element of § 405(g)'s exhaustion requirement is "nonwaivable."  <u>Ringer</u>, 466 U.S. at 617.)  Unless plaintiff can allege a basis for the Court to excuse his failure to exhaust, this is not a "special case" in which the failure to exhaust may be excused.

Because plaintiff has not exhausted his administrative remedies, the Court should dismiss the complaint.

                                      Respectfully submitted,

_____     KENNETH L. WAINSTEIN, D.C. Bar #451058
                                   United States Attorney
                                          /s/
                                   FRED E. HAYNES, D.C. Bar #165654
                                   Assistant United States Attorney
                                   555 Fourth Street, N.W., Room E-4110
                                   Washington, D.C.  20530
                                   202.514.7201

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

J. TROY MAZZION,                )
                                )
          Plaintiff,            )
                                )
-v-                             )   Civil Action No. 06-719 HHK
                                )
JO ANNE B. BARNHART,            )
 Commissioner,                  )
 Social Security Administration,)
                                )
          Defendant.            )
_____)
```

ORDER

UPON CONSIDERATION of the motion to dismiss filed by defendant and the entire record herein, it is this ____ day of _____, 2006,

ORDERED that the motion is granted, and it is further

ORDERED that this case is dismissed from the docket of this Court. This is a final, appealable order.


                              UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and counsel for defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2006, a copy of the foregoing motion to dismiss was served by first class mail, postage prepaid, on:

        J. Troy Mazzion
        c/o Clarendon Clubhouse
        3141 10th Street
        Arlington, VA 22201

                /s/
                Fred E. Haynes, D.C. Bar # 165654
                Assistant United States Attorney