In The UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

J. Troy Mazzion                          :       Case No: 1:06-cv-00719 HHK
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
C/o Preble St. Resrce Center
PO Box 1459
Portland, ME  04104                      :
                                                 Judge:   H. K. Kennedy
          Plaintiff

                                         :

Vs

                                                 **MOTION TO STRIKE**
United States,                           :       **FOR STAY AND AFFIDAVIT**

          Defendant

                                         :


    Now comes Plaintiff/Mazzion (moving is response to pleadings mailed me from one Jo Anne B Barnhart, Commissioner of Social Security, and proceeds in Answer, although no filed stamp accompanys any document Defendant forwarded Plaintiff); and continuing, pursuant FRCP Rule 12 (f) for "Stay (on the proceedings)," in objection to Defendant's "Motion to Dismiss" and "Memorandum in Support of Defendant's Motion to Dismiss the Complaint," as it is evident that Defendant has not prescribed thorough review and or investigation into the Plaintiff's original Complaint/Pleading and has scandalously discredited the Plaintiff/Mazzion's Torteous action and the pertinent averments that defense has disregarded to a point of evasion, yet remaining liable for redress to Injury caused the Tortfeasor(s), as well, claimant/Mazzion proceeds to state the following:

    Defendant has erroneously and seemingly of its on will, promulgated opening allegations which entails misleading assertions as if Plaintiff/Mazzion did not satisfy procedure, although having submitted the original action well established and with explicit regards adjoined the "Complaint," proving Plaintiff/Mazzion did in fact initiate action toward the Defendants concern(s) over Administrative relief as suggested pursuant USCA Title 28 §2675, Note 3, which again, was notated in original Complaint, interceding against the orchestrated "Abuse of Processs" causing the "personal injury" establishing grounds for Tort against the liable Governmental agency (Social Security)

RECEIVED   RECEIVED

AUG 14 2006   AUG 14 2006

NANCY MAYER WHITTINGTON CLERK   NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT   U.S. DISTRICT COURT

Contrary to the <u>bogus</u> reference(s) the Defendant has misleadingly produced, via the disorientating regards to an "Application for benefits," appearing on as Page 2 of 3 (a), (adjoined the Defendant's "Declaration of Rose Ray…" document, not even being the matter at hand, but instead, are the applicable regards to <u>the termination of a "suspension,"</u> which, Plaintiff/Mazzion directed to the attention of Social Security confirming the status over an already active disability claim for cash benefits which has been ongoing since 97', interrupted via an incarceration which extended over a 30 day period, and although now having cash payments reinstated, the matter of "personal injury" has not been addressed appropriately, as from having the namely agent body misrepresent me and the benefit claim/status, which caused the misfortunate and long period of undo financial hardship and this burdensome action for "relief" your honor, originally set forth to "Compel" the govt. agency (Social Security) to restart normal monthly payment(s), which were being mysteriously withheld and made overdo even upon physically going into a local Social Security office in Arlington VA, and of the said office, demanded I "produce record of release from prison/jail," being the onset of an overbearing obligation to me (when normally, all that is needed is a phone call to an agent rep), as well, said Plaintiff/Mazzion did obtain the assistance of one Jesse Blount, Case manager of my mental health services (while participating at Clarendon Clubhouse, 3141 N. 10th St., Arlington VA 22201), who in fact did intercede with agent reps of Social Security via phone call.

Furthermore, Exhibit 1 was never received me, attributing to the lengthy process of initiating attention toward getting cash benefits restarted upon release from jail…another example towards the reckless care Social Security showed me/plaintiff, and even caused a problem with the monthly Garnishment(s) normally withheld by Child Support which is retracted from my gross cash amount, which was originally the approximate of $580.00, now mysteriously raised to 703.00, (which is sure to be handled as another overpayment which is not my fault which will eventually compel social security to retract funds holding me liable for another one of their errors like having the okay to receive checks while being held in a hospital for competency, adjudicated me/plaintiff while in jail, another matter of abuse I was subjected to while being incarcerated nonetheless); as to the office of Social Security though, their mismanagement of my claim and <u>abuse of process,</u> can evidence, by safe assumption, the benefits were interrupted to some effect of being closed out inordinately, causing my child support garnishments to cease… nonetheless, the Dept. of Vet Affairs have been mishandling my disability case prolonging restarting pension payments as well.

Prior to June 25 2006, the Plaintiff, Mazzion, had not been personally mailed/served with a valid or legitimate document from Social Security (let alone the Dept. of Vet. Affairs Benefits office) disclosing appropriations by which Social Security (or Veterans Benefit Administration) *may suspend benefits which would defend the Action in suspending cash benefits of Claimant/Mazzion…*, neither Fed., agency had forwarded *a single piece of correspondence to refer to in sustaining the suspension,* i.e., Instructions for Appeals (to decisions) for reconsideration of suspended or terminated cash benefits Your Honor.

2

In further rebuttal of Defendant's "Memorandum in Support of…" It is a clear and evident discreditation of affects being exercised of the Defendant which is being exercised to only further burden and complicate the Plaintiff's mental condition and state of <u>peril</u> as having me, the Pro se Claimant (being Under disability), rendered ineffective against the injurious effects of the Defendant, as a measure for the Defendant to further evade liability to the personal injury inflicted plaintiff (to the short), avoiding liability to relief to Plaintiff/Mazzion.

And once again Your Honor, every aspect of appropriation(s) have been initiated and exercised (although social security would not forward the requested confirmation letters previously requested by Plaintiff/Mazzion, nor any letter confirming the(unlawful) interruption/termination of child support garnishment, which was not reflected alongside the back-pay I previously received as indicated by Defendant as $1,100.40 although the case/claim has been mishandled (to a degree or two) "as if plaintiff had been Deceased upon requesting reinstatement of payments)," contemplated by plaintiff/Mazzion as from having the garnishments mysteriously terminated of the cash benefits; As well, it would stand to be sufficient to confirm the fact the Plaintiff/Mazzion has satisfied civil procedure and without proper discretion invoked, a detrimental error would produce favor on the Defendants scandalous behalf, becoming a further injustice Your Honor and a failed attempt to satisfy the ends of Justice on behalf of the Plaintiff/Mazzion.

Zealously (when apt),

*J. Troy Mazzion* (signature)

J. Troy Mazzion, Under Disability
Email: hazedtodeath@yahoo.com
Pro se
Preble Street Resource Center
PO Box 1459
Portland, ME 04104

3

In The UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

J. Troy Mazzion                         :    Case No: 1:06-cv-00719 HHK
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
C/o Preble St. Resrce Cntr
PO Box 1459
Portland, ME  04104                     :    Judge: H. K. Kennedy

       Plaintiff

                                          :

Vs

                                          :

United States, et. al                   :    **SERVICE OF PROCESS**

       Defendant

                                          :

      Now comes Claimant, Mazzion pursuant Title 28/U.S.C. Rule4(i)(1) to satisfy Service upon Defendant counsel, one Fred E. Haynes, D.C. Bar #16564, Assistant United States Attorney, 555 Fourth Street, N.W., E-4110, Washington, D.C.  20530.

Closing,

*J. Troy Mazzion* (signature)

J. Troy Mazzion, Under-disability
Claimant/Pro se
Email: hazedtodeath@yahoo.com